*1190 OPINION.
Smith:
The respondent contends (1) that the loss in question is not properly allocable to the taxable year ended July 31, 1920, but occurred in the prior taxable year; and (2) that in any event the loss was sustained by M. A. Mummert, individually, and is not deductible by the petitioner. We are of the opinion that the respondent’s first contention must prevail. The evidence shows that all of the investments from which the loss in question resulted were made prior to July 31, 1919, and were so entered in the petitioner’s books. The evidence further shows that the petitioner or its president, M. A. Mummert, was informed prior to July 31, 1919, that all of its grain futures accounts had been closed out due to a reversal of the grain market and that it had lost the entire amount of its investments. This is not denied by the petitioner. The petitioner contends, however, that because of the discovery of irregularities on the part of the brokers in handling the accounts there was a reasonable expectancy at July 31,1919, of recovering the investments in whole or in part and that the loss therefore could not be determined until a subsequent year. We do not think that this possibility of recovery was sufficient to postpone the determination of the loss. Clearly, the loss on the investments was sustained during the year ended July 31, 1919, and should have been reflected in the accounts of that year. The statute allows a taxpayer no option in this respect but requires that the deduction be taken in the year when the loss occurs.
The evidence is entirely lacking of any explanation of the nature of the irregularities charged against the brokers. If there was an embezzlement of the petitioner’s funds the petitioner is in no better position since the loss on account of such embezzlement would necessarily fall within the year 1919 and would be deductible in that year only.
*1191 Under these circumstances it is unnecessary to consider the further question of whether the loss is deductible by the petitioner or whether it was the loss of the petitioner’s president, individually.

Judgment will be entered for the respondent.